SIMEON MAYO, Plaintiff in Error, *v.* HENRY MOORE, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

The holder of a note assigned before maturity as a collateral to secure the payment of a pre-existing debt, may recover from the maker, the amount of money advanced, although the maker may have paid the note to the payee.

MOORE sued Mayo in assumpsit, upon an assigned note, made payable to one Stevens.   It appeared that Moore loaned Stevens money, for the re-payment of which Stevens indorsed this note.   Stevens by misrepresentation induced Mayo to pay him the amount of the note.   The note was assigned to Moore before it became due.

The court below gave judgment for the amount due from Stevens to Moore, and Mayo appealed.

S. SMITH, and A. D. RICH, for Appellant.

HILL & NORTON, for Appellee.

CATON, C. J.   It may be admitted for the present, that the plaintiff took this note as collateral security for a pre-existing debt only, and that the assignee, therefore, was not a *bona fide* holder, but took it subject to all the equities or defenses which the makers had against it, and still the defendant's case is not advanced, until he shows that he had such equities or defense against the note.   And yet this is not pretended.   The only defense is, that he paid the note to the payee after the assignment and after the maturity of the note.   Here, the legal title to the note had been transferred to the pledger before maturity of the note, and while he thus held the note, the maker paid it to the payee without its production, and without any evidence that he still held it.   He then paid it in his own wrong.   If the plaintiff took the note subject to all defenses existing at the time of the transfer, that was all the infirmity with which his title could be charged.   The defendant could do no act after that to prejudice his rights.   The court very properly charged the jury that if the defendant had paid the payee of the note the amount due upon it, then the plaintiff could recover in this action only the amount due him from the payee, and for the security of which the note was pledged. This was all the plaintiff had a right to ask, and to this he was entitled.

The judgment must be affirmed.        *Judgment affirmed.*