ELISHA B. STEERE.

v.

HEZEKIAH BENSON.

NOTE HELD AS COLLATERAL—SUIT ON—MEASURE OF DAMAGES.—In a suit upon a note held as collateral security, the amount of indebtedness for which the note is held as security is proper to be shown in defense, and this amount should be the limit of recovery.

APPEAL from the Circuit Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding.

Mr. B. D. LUCAS, for appellant; that the affidavits showing that appellant was taken by surprise, by the evidence offered, were sufficient in support of a motion for continuance, cited Goldstein v. Lowther, 81 Ill. 399.

No more can be recovered than the amount of the indebtedness for which the note was held as collateral: President, etc. v. Chapin, 8 Met. 40; Jones v. Heffert, 3 Eng. C. L. 419; Atlas Bank v. Doyle, 9 R. I. 76.

Mr. H. B. BENSON and Mr. H. L. KARR, for appellee; that a new trial will not be granted where the evidence is conflicting, cited Lowry v. Orr, 1 Gilm. 70; Morgan v. Ryerson, 20 Ill. 343; Marton v. Ehrenfels, 24 Ill. 187; Wallace v. Wren, 32 Ill. 146; Dietrich v. Rumsey, 45 Ill. 209; Underhill v. Fake, 46 Ill. 50; Bunker v. Green, 48 Ill. 243; Chicago v. Logerson, 60 Ill. 201; Robinson v. Parish, 62 Ill. 130; Chapman v. Stewart, 63 Ill. 332.

A person taking a note as collateral security before due, is a *bona fide* purchaser, and the maker can have no defense to it: Wiffen v. Roberts, 1 Esp. 261; Jones v. Heffert, 3 Eng. L. & Eq. 302; President, etc. v. Chapin, 8 Met. 40; Atlas Bank v. Doyle, 9 R. I. 76; Griggs v. Howe, 2 Abbott, 291; Griswold v. Davis, 31 Vt. 390; Munn v. McDonald, 10 Watts, 270; Manning v. McClure, 36 Ill. 490; Rose v. Teeple, 16 Ind. 37; Wright v. Allen, 16 Ind. 284; Powers v. Talbot, 11 Ind. 1; Horne v. Cole, 51 N. H. 287; Mills v. Graves, 44 Ill. 50; Vanderpool v. Brake, 28 Ind. 130.

If the evidence offered had been admitted, it would not have changed the result, and it was not error to exclude it: Rowley v. Hughes, 40 Ill. 316; McKichan v. McBean, 4 Ill. 228.

Newly discovered evidence is no ground for new trial if it be cumulative or immaterial: Smith v. Schultz, 1 Scam. 490; Morrison v. Stewart, 24 Ill. 25; T. W. & W. R. R. Co. v. Seitz, 53 Ill. 452; Adams v. The People, 47 Ill. 376; Fuller v. Little, 61 Ill. 21; Wood v. Echtermach, 65 Ill. 149.

LACEY, J.   This was a suit in favor of appellee against appellant on a due bill given by appellant to J. L. Spaulding, for $150, and dated Sept. 16th, 1872, and endorsed by J. L. Spaulding to appellee as collateral security to secure certain money loaned by appellee to Spaulding.

The appellee claimed to hold the note as an innocent purchaser against appellant, who claimed and insisted on the trial that he had a full defense to the note against the payee.   On the trial of the case below the appellant by his counsel asked appellee, who was a witness on the trial, these questions: How much did you loan Mr. Spaulding?   How much did Mr. Spaulding owe you for which you hold the note as collateral?   The court refused to allow the questions to be answered, and appellant excepted.

The court also instructed the jury for appellee that they had nothing to do with the question of the amount paid by Benson to Spaulding; if they find for the plaintiff they should assess his damages at the amount of the note with interest thereon at the rate of six per cent. per annum.

In refusing to allow the above questions to be answered and in giving the above instructions, the court erred.   If the defendant had a defense to the note as against Spaulding he had a good defense to all of said note, even in the hands of appellee, except the sum for which Spaulding was indebted to appellee, and for which the note was pledged as collateral security.   Such defenses are allowed to prevent circuity of action.

By allowing such defenses complete justice is done to all parties.   Mayo v. Moore, 28 Ill. 428;   President, etc. v. Chapin, 8 Met. 40;   Jones v. Heffert, 2 Starkie, 3 Eng. Com. Law, 356; Atlas Bank v. Doyle, 9 R. I. 76.

As there will be a new trial in this case, it is not necessary to notice the other objections raised by counsel for appellant.

For these reasons the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.